STARK COUNTY BAR ASSOCIATION *v.* ERGAZOS.

[Cite as Stark Cty. Bar Assn. *v.* Ergazos (1982), 2 Ohio St. 3d 59.]

(D.D. No. 82-27—Decided December 22, 1982.)

---

[1] R.C. 1306.03, dealing with bulk transfers, provides in part:

"(A)  Except as provided in section 1306.06 of the Revised Code, with respect to auction sales, a bulk transfer subject to sections 1306.01 to 1306.09, inclusive, of the Revised Code, is ineffective against any creditor of the transferor unless:

"(1)  The transferee requires the transferor to furnish a list of his existing creditors prepared as stated in this section; and

60

"(2) The parties prepare a schedule of the property transferred sufficient to identify it; and

"(3) The transferee preserves the list and schedule for six months next following the transfer and permits inspection of either or both and copying therefrom at all reasonable hours by any creditor of the transferor, or files the list and schedule with the county recorder in the county in which the goods are located.

"(B) The list of creditors must be signed and sworn to or affirmed by the transferor or his agent. It must contain the names and business addresses of all creditors of the transferor, with the amounts when known, and also the names of all persons who are known to the transferor to assert claims against him even though such claims are disputed. If the transferor is the obligor of an outstanding issue of bonds, debentures, or the like as to which there is an indenture trustee, the list of creditors need include only the name and address of the indenture trustee and the aggregate outstanding principal amount of the issue.

"(C) Responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is not rendered ineffective by errors or omissions therein unless the transferee is shown to have had knowledge. * * *"

61

*Mr. Allen Schulman, Jr., Mr. John B. Lindamood* and *Mr. William C. Jaeck,* for relator.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. Gary A. Banas, Scanlon & Gearinger Co., L.P.A.,* and *Mr. Tim F. Scanlon,* for respondent.

*Per Curiam.* Upon examination of the record and the findings of the board of commissioners, we conclude there are sufficient facts to justify the board's finding that respondent violated DR 6-101(A)(3) and DR 5-105(A) and (B).

Accordingly, based upon respondent's previous public reprimand and

---

[2] The journal entry reflecting respondent's previous public reprimand, filed September 27, 1979, provides in part:

"It appearing to the court that the Board of Commissioners on Grievances and Discipline filed its final report in this court on July 25, 1979, recommending that the respondent, John W. Ergazos, be publicly reprimanded pursuant to Section 6(c) of Rule V of the Supreme Court Rules for the Government of the Bar of Ohio; and it further appearing that replies to the order to show cause were filed, this cause was submitted to the court for consideration. On consideration thereof, it is ordered and adjudged by the court that the final report of the Board of Commissioners on Grievances and Discipline be, and the same hereby is, confirmed and this entry shall constitute the public reprimand provided, however, that should the respondent, John W. Ergazos, be found guilty of subsequent misconduct, he shall be suspended for an indefinite period from the practice of law or permanently disbarred, depending upon the seriousness of such misconduct. * * *"

pursuant to Gov. R. V(7), we accept the recommendation of the board and indefinitely suspend respondent from the practice of law.[3]

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

[3] Gov. R. V(7) provides in relevant part:

"* * * A person who has been suspended for a period of one year from the practice of law *or who has been publicly reprimanded for misconduct,* upon being found guilty of subsequent misconduct, *shall be suspended for an indefinite period from the practice of law or permanently disbarred, depending upon the seriousness of such misconduct.*" (Emphasis added.)